

**U.S. Department of Justice**

Environment and Natural Resources Division

MTG
90-1-4-15825

*Appellate Section*   *Telephone (202) 532-3147*
*701 San Marco Blvd.*   *Facsimile (202) 353-1873*
*Jacksonville, FL 32207*

December 27, 2022

Molly C. Dwyer, Clerk of Court
U.S. Court of Appeals for the 9th Circuit
The James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

    Re:    Friends of Alaska National Wildlife Refuges, et al. v. Haaland, et al., Case Nos. 20-35721, 20-35727, 20-35728

Dear Ms. Dwyer:

The Court should disregard the letter the Plaintiffs filed on December 19, 2022, to correct a supposed misstatement of the record made by counsel for the Interior Department during his rebuttal argument. While this Court's practice guide contemplates letters to correct an attorney's own misstatements at argument, *see The Appellate Lawyer Representatives' Guide to Practice in the United States Court of Appeals for the Ninth Circuit*, at 125 (May 2021 ed.), the Plaintiffs' letter is an improper supplemental letter brief filed without authorization.

Regardless, there was no misstatement for the government to correct. First, counsel for the government noted at argument that the Plaintiffs had not raised a failure to consider subsistence in their briefs as a separate violation of the APA. The Plaintiffs' letter points to two pages in their brief to contend that the argument is preserved. The first page cited, page 44, includes this sentence: "Relatedly, while the Secretary asserted in the District Court that ANILCA's subsistence purposes would be met by the exchange, that was not a basis given in the Exchange Agreement itself, and should be rejected." That is not an argument that the Secretary failed to consider subsistence and violated the APA on that basis, but instead an argument that the Secretary cannot now rely on subsistence in support of his decision. The second, page 36, merely mentions subsistence along with ANILCA's other purposes in making the general argument that the exchange does not advance ANILCA's purposes. Those sort of offhand, general mentions of subsistence are not sufficient to preserve an issue raised for the first time by the Plaintiffs at oral argument. Indeed, the panel did not address the issue, and the Plaintiffs did not assert in their en banc petition that the panel's failure to do so was error.

Second, the record citations provided by the Plaintiffs confirm, as counsel for the government stated at oral argument, that Secretary Jewell considered subsistence impacts to communities in the region affected by a potential road and concluded that there would be no detrimental impact

to subsistence uses, 2 E.R. 55-56 ("In this case, the Service completed an analysis of the potential impacts of the proposed alternatives on subsistence uses and needs. This evaluation is found in Appendix D of the EIS. The evaluation focuses on subsistence use by the local communities in the region. It concludes that there would be no significant restriction to subsistence uses under any of the alternatives, including the selected no action alternative (Alternative 1)").

Respectfully,

/s/Michael T. Gray
Michael T. Gray